■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW COLES, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Albany County, rendered May 2, 1969, convicting defendant of the crime of robbery in the first degree, and sentencing defendant to a term of eight years. Prior to the entry of the guilty plea, a preliminary identification hearing was held. Lenore Bryant, an employee of the coal company where the robbery occurred, testified that she was asked to view a series of 30 photographs, from which she selected the defendant. Subsequently, she identified appellant after viewing him in a one-way window at Police Court with other persons present in the room. Although at the identification hearing appellant raised no question about absence of counsel at the lineup identification at Police Court, he now contends that the judgment of conviction should be set aside and a new trial ordered since he was not advised of his right to counsel at that time. The record is barren of any reference to the absence of counsel and appellant should not now be permitted to raise this issue, particularly in the light of his subsequent guilty plea. We note too that the plea was entered at a time when he was represented by counsel. Appellant may not knowingly, voluntarily and without coercion enter a guilty plea and subsequently repudiate it. (See *McMann* v. *Richardson,* 397 U. S. 759; *People* v. *Nicholson,* 11 N Y 2d 1067.) In any event, the facts adduced at the hearing do not reveal any hint of impermissive suggestion by the police. The identifying witness testified that she had an opportunity to observe the unmasked robber for two minutes. She gave a detailed description to the police. There were other persons present in the room when the identification was made. Furthermore, there was a complete absence in the record of any indication that there was any suggestion on the part of the police officers conveyed to the witness. In our view the " lineup " procedures were fair and not suggestive. (*People* v. *Ballott,* 20 N Y 2d 600.) Similarly, there is no merit in appellant's contention that he should have been afforded counsel during the identification of the photographs by Mrs. Bryant. There is no right to counsel in photograph identification. (See *Simmons* v. *United States,* 390 U. S. 377.) Nor was there any prejudice to appellant in the circumstances of the photograph identification procedure.

1052

Mrs. Bryant was shown 30 photographs. There is nothing in the record which discloses any hint of suggestion from the police officers. We have examined the remainder of appellant's contentions and find them to be without substance. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.