**UNITED STATES of America ex rel.
Tilden Louis CONDON, Plaintiff,**

v.

**Don R. ERICKSON, Warden of the South
Dakota State Penitentiary, Defendant.**

**No. Civ. 71–17S.**

United States District Court,
D. South Dakota, S. D.

Aug. 9, 1971.

John E. Simko, Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for plaintiff.

Roger A. Schiager, Special Asst. Atty. Gen., for the State of South Dakota, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

On August 12, 1965, petitioner was convicted in the Circuit Court of the

County of Dewey, State of South Dakota, pursuant to his plea of guilty to the charge of first degree rape in violation of S.D.C.L. 22–22–4 (1967). Petitioner filed an application for habeas corpus relief in Circuit Court for the County of Minnehaha, State of South Dakota, on July 14, 1969. The application was denied on August 21, 1969. Petitioner appealed the denial of habeas corpus relief to the South Dakota Supreme Court; relief was denied on December 15, 1970. State ex rel. Condon v. Erickson, S.D., 182 N.W.2d 304 (1970).

Petitioner has now filed a petition with this court seeking federal habeas corpus relief. The following grounds for relief are urged by petitioner: (1) that delay in appointment of counsel to represent petitioner rendered his guilty plea involuntary; and (2) that the state court did not have jurisdiction over the offense.

### THE GUILTY PLEA

On the date of the alleged offense, November 2, 1964, petitioner was serving a tribal jail sentence for public intoxication. On that afternoon petitioner was allowed to leave the jail to keep an appointment with a doctor. The petitioner failed to return and was arrested that evening. Following his arrest he was questioned concerning an alleged rape. On the following day he gave two signed statements to investigators and was identified by the victim. He continued serving his prior tribal jail sentence until November 12, 1964, at which time he was arrested on federal charges of first degree rape. Petitioner remained in federal custody until April 16, 1965, at which time he was arrested on state charges of first degree rape.

From November 2, 1964, until April 16, 1965, petitioner was without assistance of counsel. During the course of his detention by federal authorities he gave statements to federal officers. On April 16, 1965, counsel was appointed to defend petitioner and continued to do so until the entry of his guilty plea on August 12, 1965.

Petitioner contends that his incarceration without counsel for a period of approximately five months, during which time certain statements were made by petitioner and an identification by the victim took place, was inherently prejudicial. He further contends that such prejudice could not be cured by his later plea of guilty entered after he had been provided assistance of counsel for a period of almost four months. The allegations of threatening statements made by the prosecuting attorney prior to the entry of his guilty plea were apparently abandoned on appeal to the South Dakota Supreme Court.

■■ The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); see, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The fact that petitioner—assuming his allegations to be correct—was denied assistance of counsel during critical stages of the proceedings against him, was hampered in his preparation for defense against the charges by the five month period without assistance of counsel, and made statements which were involuntary due to the lack of counsel does not entitle him to relief absent a showing that the plea of guilty was a result of the violations of his constitutional rights. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Williamson v. State of Alabama, 441 F.2d 549 (1st Cir. 1971).

The record shows that petitioner was aware of the nature of the charges against him and the possible penalty that could be imposed. Petitioner was advised by his counsel of his constitutional rights. Petitioner testified at the state evidentiary hearing that his attorney did not tell him to plead guilty and that he had made the decision to enter a guilty plea himself. Petitioner was af-

forded assistance of counsel for a period of almost four months prior to the entry of the guilty plea.

█ The state courts determined that petitioner's plea of guilty was voluntarily and intelligently made. This finding is supported by the record. Petitioner does not contend that the state court habeas corpus proceedings were not full, fair and adequate. This court finds to the contrary. Petitioner has failed to sustain the burden of demonstrating by convincing evidence that the factual determinations made by the state courts in the habeas corpus were in error. 28 U. S.C.A. § 2254; In re Parker, 423 F.2d 1021 (8th Cir. 1970). This court finds that petitioner's plea of guilty was voluntarily and intelligently made and was not the result of a deprivation of his constitutional rights.

### JURISDICTION

█ Petitioner challenges the jurisdiction of the state court on the basis that the offense took place in "Indian country" and that the United States has exclusive jurisdiction. 18 U.S.C.A. § 1151; 18 U.S.C.A. § 1152; see, United States ex rel. Miner v. Erickson, 428 F.2d 623, 637–638, n. 11 (8th Cir. 1970) (dissenting opinion) for a discussion of the jurisdictional questions involved. The jurisdictional question was not raised in the Circuit Court habeas corpus proceedings or before the South Dakota Supreme Court on appeal from the denial of habeas corpus relief. The question of state court jurisdiction was raised at the trial court level. The State contends that petitioner has failed to exhaust his state court remedies.

28 U.S.C.A. § 2254(b) provides: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." The requirement of exhaustion of state court remedies should "ordinarily be strictly adhered to." Gray v. Swenson, 430 F.2d 9, 13 (8th Cir. 1970); see also, Renfro v. Swenson, 315 F.Supp. 733, 734 (W.D. Mo.1970).

Petitioner contends that the exhaustion of remedies requirement should not be applied on the following grounds: (1) that the South Dakota Supreme Court has previously decided the jurisdictional question now urged adversely to petitioner, thus rendering any further attempt to raise the question in that forum futile; and (2) that the South Dakota Supreme Court did in fact rule on the jurisdictional question on the appeal from the Circuit Court denial of habeas corpus relief. Petitioner's contentions cannot be sustained.

"The probability of success *on the merits* in a particular type of state complaint or review is no criterion for testing the adequacies of state review for the purpose of exhausting state remedies." (emphasis supplied) Wilwording v. Swenson, 439 F.2d 1331, 1336 (8th Cir. 1971); see also, Daegele v. Crouse, 429 F.2d 503 (10th Cir. 1970); Boyd v. Oklahoma, 375 F.2d 481 (10th Cir. 1967). That the jurisdictional question now urged by petitioner can be raised in the state courts and dealt with on the merits is not questioned by petitioner.

The South Dakota Supreme Court opinion included the following footnote reference to the jurisdictional question: "1. The alleged rape occurred on November 2, 1964, about 4 p. m. in the public library at Eagle Butte which is on land owned by the Dakota Club Library, Incorporated, a non-profit organization. Lakeman (petitioner's trial court counsel) contended this was 'Indian country' and the United States had exclusive jurisdiction. See Application of Lafferty, 80 S.D. 411, 125 N.W.2d 171, and State v. Barnes, 81 S.D. 511, 137 N.W.2d 683." * * * State ex rel. Condon v. Erickson, S.D., 182 N.W.2d 304, 305, n. 1 (1970). It is petitioner's contention

that this statement demonstrates that the question of jurisdiction in this case has already been decided by the South Dakota Supreme Court. This court does not agree.

The footnote reference to jurisdiction was made in connection with an explanation by the Court of the procedural history of the case. It may or may not reflect a considered reaffirmance by the Court of its earlier rulings. This court refuses to speculate as to the intent of the South Dakota Supreme Court. Petitioner has available appropriate state court proceedings through which the question can be properly raised and a decision on the merits rendered with the assistance of legal briefs by the parties involved. *See*, United States ex rel. Miner v. Erickson, 428 F.2d 623 (8th Cir. 1970).

The petition for federal habeas corpus relief is denied. This memorandum decision shall constitute the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.