UNITED STATES of America ex rel. Tilden Louis CONDON, Plaintiff and Appellant,

v.

Don R. ERICKSON, Warden of the South Dakota State Penitentiary, Defendant and Appellee.

No. 71–1518.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1972.

Decided April 13, 1972.

Inc. v. Weeks, 201 Va. 244, 110 S.E.2d 189 (1959).

John Simko, Sioux Falls, S. D., for appellant.

William J. Srstka, Jr., Asst. Atty. Gen., Pierre, S. D., for appellee; Gordon Mydland, Atty. Gen., Roger A. Schiager, Special Asst. Atty. Gen., Sioux Falls, S. D., on the brief.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the denial of habeas corpus relief in an action brought under 28 U.S.C. § 2254 by Tilden Louis Condon against Don R. Erickson, Warden of the South Dakota State Penitentiary. We reverse and remand with directions to hold an evidentiary hearing.

On November 2, 1964, Condon was serving a tribal sentence for public intoxication in Eagle Butte, South Dakota. He was allowed to leave jail that afternoon to keep an appointment with a doctor but did not return to the jail until he was arrested by tribal police in a bar at about 7:30 p. m. That evening he was questioned by an officer from the Bureau of Indian Affairs concerning an alleged rape which took place that afternoon, and the following day, he signed written statements pertaining to that crime. Thereafter, he was identified by the victim as the perpetrator of the crime.

Condon was held in the tribal jail on the public intoxication charge until November 12, 1964, when he was arrested on federal charges of first degree rape. He was held in federal custody until April 16, 1965, at which time he was arrested on state charges of first degree rape. An attorney was appointed for him by the state court on the same day. A motion to dismiss was filed on April 20, 1965, on the ground that the alleged rape took place in "Indian country," thus depriving the state of jurisdiction; but this motion was denied on May 4, 1965, at which time Condon entered a plea of not guilty. The federal grand jury indictment was dismissed on May 25, 1965. On August 12, 1965, Condon withdrew his not guilty plea and pleaded guilty in the state court. He was sentenced to fifteen years.

Upon being denied post-conviction relief in the South Dakota courts, State ex rel. Condon v. Erickson, 182 N.W.2d 304 (S.D.1970), Condon petitioned unsuccessfully the United States District Court for the District of South Dakota.

In his appeal to this Court, Condon claims that he was denied effective assistance of counsel from November 2, 1964, until April 16, 1965, and that even though a guilty plea was entered some time after appointment of counsel, the delay was inherently prejudicial because incriminating statements had been given by Condon to authorities during that period. Condon also claims that the state did not have jurisdiction to try him for an alleged crime occurring within an area which had been made an Indian Reservation and later opened for settlement under the homestead and townsite laws, and that the federal district court erred in refusing to consider the jurisdictional question on the ground that Condon had not exhausted his state remedies on this issue.

## I. EFFECTIVE ASSISTANCE OF COUNSEL

Condon was provided court-appointed counsel shortly after his arrest on the state charge, but he was not represented by counsel during the five months he was held on the identical federal charge. Condon does not complain that he was inadequately represented or ill-advised by counsel. Rather, he claims that the more than five months from the time of his arrest until appointment of counsel were critical, not only in preparation of his defense, but particularly because of the alleged self-incriminating statements given. Therefore, his argument follows, his guilty plea was motivated by anticipation that these statements would be used against him at trial. The question really presented, then, is whether the plea of guilty, entered by Condon on August 12, 1965, represented "a voluntary and intelligent choice among the alternative courses open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

■ The fact that Condon did not have counsel for a period of five months after his arrest, during which time he allegedly gave incriminating statements, does not in and of itself entitle him to relief, where he was competently represented at the time of his plea. As the Supreme Court stated in McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970),

"[A] defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." (Footnote omitted.)

■ Furthermore, Condon was afforded advice of counsel for four months prior to the change of his plea. We do not know what Condon's statements say, but assuming they are incriminating, the connection between them and his plea of guilty had " 'become so attenuated as to dissipate the taint.' " Parker v. North Carolina, 397 U.S. 790, 796, 90 S. Ct. 1458, 25 L.Ed.2d 785 (1970); *Cf.* Cochran v. Norvell, 446 F.2d 61, 65 (6th Cir. 1971).

■ The state trial court found in the original habeas corpus action that Condon "while represented by able counsel, and after having been fully advised of his rights, freely and voluntarily changed his plea to guilty to the charge and was sentenced by the State Court." The South Dakota Supreme Court affirmed this finding based upon its review of the record in the state trial court habeas corpus proceedings. State ex rel. Condon v. Erickson, *supra,* 182 N.W.2d at 308. On petition to the federal district court, Judge Nichol deter-

mined that this finding is supported by the record and that "petitioner's plea of guilty was voluntarily and intelligently made and was not the result of a deprivation of his constitutional rights." United States ex rel. Condon v. Erickson, 329 F.Supp. 1, 3 (D.S.D.1971). We have reviewed the entire record, including the record of the sentencing in the state criminal trial and the record of the state court habeas corpus hearing, the facts relating to which are fully set forth in the reported state and federal decisions cited above; and we are likewise convinced that Condon's guilty plea was voluntarily and intelligently made after full consultation with competent counsel.

In Langdeau v. South Dakota, 446 F.2d 507, 509 (8th Cir. 1971), Judge Lay made the following observation which is apropos in this case:

"Many considerations may influence a defendant to plead guilty. However, these influences cannot serve to set aside a guilty plea made where counsel is present and the defendant is shown to be capable of making a deliberate and knowing decision. We cannot say that there did not exist sufficient facts to support the state trial court's, and the federal district judge's, finding that the plea was voluntarily made. The decisions of McMann v. Richardson, *supra*; Brady v. United States, *supra* [397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747], and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), along with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), require a prisoner represented by competent counsel, where a *full* and *fair* guilty plea hearing has taken place, to assume a heavy burden to set aside his guilty plea."

*See also* Missouri v. Turley, 443 F.2d 1313, 1317 (8th Cir. 1971).

## II. EXHAUSTION OF STATE REMEDIES

Judge Nichol declined to consider the merits of Condon's challenge to the jurisdiction of the state trial court on the ground that he had not exhausted his state court remedies on this issue. Condon's attorney had raised this question in the state trial court prior to the entry of the guilty plea, and his motion was denied. But the question was not again raised directly in the state habeas corpus action either in the pleadings or in the briefs filed in the state supreme court. The South Dakota Supreme Court, however, noted that Condon's counsel had moved for a dismissal of the complaint on this very ground at the same time he waived preliminary hearing. By footnote, the court stated:

"1. The alleged rape occurred on November 2, 1964, about 4 p. m. in the public library at Eagle Butte which is on land owned by the Dakota Club Library, Incorporated, a nonprofit organization. Lakeman contended this was 'Indian country' and the United States had exclusive jurisdiction. See Application of Lafferty, 80 S.D. 411, 125 N.W.2d 171, and State v. Barnes, 81 S.D. 511, 137 N.W.2d 683. Shortly before this time, a trial judge had construed Lafferty as holding state courts were without jurisdiction under somewhat similar facts." State ex rel. Condon v. Erickson, *supra*, 182 N.W.2d at 305–306 n. 1.

 It is thus apparent that the state supreme court was well aware of the jurisdictional question in this case and did not see fit to take further note of it, citing two of its prior decisions which held adversely to claims factually similar to Condon's. State v. Barnes, 81 S.D. 511, 137 N.W.2d 683, 684 (1965). Lafferty v. State, 80 S.D. 411, 125 N.W.2d 171 (1963). Therefore, while this issue was not directly raised in the state habeas corpus action, the question has in fact been answered adversely to Condon by the Supreme Court of South Dakota. Whether presented by the parties or not, where the issue of jurisdiction became apparent from the record, it was the court's duty to decide the issue. *See* County School Board v. Cottonwood School Dist., 81 S.D. 530, 137 N.W.2d 882, 883 (1965); Sioux City Boat Club

v. Mulha, 79 S.D. 668, 117 N.W.2d 92, 94 (1962).

▪ Even if it can be said that the question has not been answered directly, the failure to exhaust available state remedies is excusable whenever it is shown that resort to them would be an idle and useless effort. *See* Lewis v. New Mexico, 423 F.2d 1048, 1049 (10th Cir. 1970); Lucas v. Michigan, 420 F.2d 259, 261 (6th Cir. 1970); *see also* Connors v. South Dakota, 422 F.2d 122, 125 (8th Cir.), cert. denied, 398 U.S. 954, 90 S.Ct. 1881, 26 L.Ed.2d 297 (1970).

▪ Judge Nichol relied in part on the decision of this Court in Wilwording v. Swenson, 439 F.2d 1331 (8th Cir. 1971), which has recently been reversed by the United States Supreme Court. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971) (per curiam). The Supreme Court, in that case, stated that the mere possibility of success in additional proceedings does not bar federal relief. *Id.* at 250, 92 S. Ct. 407. Even more recently, the Court made this observation:

> "There is of course no requirement that petitioner file repetitious applications in the state courts. Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407 (1971); Brown v. Allen, 344 U.S. 443, 448 n. 3, 73 S.Ct. 397, 97 L.Ed. 469 (1953). The question on remand is whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim; and if so, whether there is presently available a state forum in which he can effectively present the claim." Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972).

It cannot fairly be said that the state court has not had an opportunity to pass on Condon's claim. Even if, as the state contends, the state supreme court did not rule specifically on his claim, in light of the court's prior decision, his failure to exhaust all possible remedies is not fatal where, as here, there is every indication that to have done so would have been a useless effort.

Reversed and remanded with directions to hold an evidentiary hearing on the jurisdictional question only.