294 So.2d 114 (1974)
James W. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1183.
District Court of Appeal of Florida, Fourth District.
May 10, 1974.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant was charged with a crime, a narcotics offense. Pre-trial, defendant made a motion to suppress certain incriminating evidence, which motion was denied. The defendant did thereupon enter a plea of nolo contendere.
There are two issues.
The first issue has to do with whether the defendant's plea was conditional, that is to say, was there a specific reservation *115 of his right to appeal the ruling upon his motion to suppress?
A review of the record reveals that there was no such specific reservation. There was, simply stated in sequence, an adverse ruling, the nolo contendere plea, and the notice of appeal addressed to the pre-trial ruling in question. The defendant urges on the basis of this Court's opinion in Ackles v. State, 270 So.2d 39 (4th D.C.A. Fla. 1972) that the foregoing reflects a sufficient conditional plea as would authorize this appeal. We have re-read the Ackles pronouncement and agree that, based thereon, a defendant could be so led.
However, prospectively, we wish to clarify and recede from the language projecting such notion as was expressed in Ackles v. State, supra, and place Ackles in exact accord with our understanding of earlier and current cases on the same subject.
In Chesebrough v. State, 255 So.2d 675 (Fla. 1971), the Supreme Court discussed such pleas as follows:
"The plea of nolo contendere was a formal declaration by defendant that she did not contest the charge against her. Such a plea has the same effect as a plea of guilty, so far as regards the proceeding on the information, and a defendant who is sentenced to imprisonment upon such a plea is convicted of the offense charged... . A plea of nolo contendere admits all the facts which are well pleaded and waives all formal defects in the proceeding of which the accused could have availed himself by a plea of not guilty or motion to quash. See Peel v. State, 150 So.2d 281 (Fla.App.2d, 1963)." Id. at 676-677.
As concerns the general office of nolo contendere pleas, see also 9 Fla.Jur., Criminal Law § 359; 21 Am.Jur.2d, Criminal Law § 497.
However, there has grown the practice, and desirably so for good reasons, of allowing the defendant who has received an adverse pre-trial ruling to plead nolo contendere and specifically preserve an objection to that ruling by obtaining an agreement with the court that the plea is conditional, and such pre-trial decision may be appealed. United States v. Caraway, 474 F.2d 25 (5th Cir.1973); United States v. Sepe, 474 F.2d 784 (5th Cir.1973); Cameron v. State, 291 So.2d 222 (4th D.C.A. Fla. 1974); Miller v. State, 285 So.2d 41 (2d D.C.A.Fla. 1973); Walker v. State, 281 So.2d 41 (2d D.C.A.Fla. 1973); see Andersen v. State, 274 So.2d 228 (Fla. 1973). In Chesebrough v. State, supra, the court held:
"The plea in the case sub judice was not conditioned on reservation of a question of law as was permitted in State v. Ashby [Fla., 245 So.2d 225].... Therefore, the defendant may not question the validity of the order of the trial judge denying the motion to suppress." Id. at 677.
And how is this specific reservation and agreement to be obtained? We feel that there should be a complete understanding among the trial court, the state and the defendant, together, of course, with counsel, as to what is intended, inasmuch as the trial court is authorized to refuse to accept such a plea, F.R.Cr.P. 3.170, 33 F.S.A.[1] We hold that if a defendant pleading nolo contendere desires to appeal from pre-trial rulings, he must make specific reservation of that intention. The trial court and all concerned must understand and agree upon the record that the plea is conditional upon the appeal and its outcome.
Hereafter, in the absence of a showing of such express understanding, reservation and agreement, it will be our purpose and expectation to decline to accept appeals in cases such as these.
Secondly, we look to the merits of this appeal. We have considered the point presented by the defendant in light of the *116 record and advice of counsel and are of the opinion that there is a sufficient predicate in fact and law for the trial court decision to deny the defendant's motion to suppress.
Affirmed.
WALDEN, and DOWNEY, JJ., and KNOTT, JAMES R., Associate Judge, concur.
NOTES
[1] F.R.Cr.P. 3.170(a), 33 F.S.A.; "A defendant may plead not guilty, guilty, or, with the consent of the Court, nolo contendere... ."