WESTON, Appellant v. ERICKSON, Warden, Respondent and
PALMER, Appellant v. ERICKSON, Warden, Respondent

(201 N. W. 2d 861)

(File Nos. 11071, 11072. Opinion filed November 7, 1972)

**Woods, Fuller, Shultz & Smith,** and **John E. Simko,** Sioux Falls, for plaintiffs and appellants.

**Gordon Mydland,** Atty. Gen., **William J. Srstka, C. J. Kelly,** Asst. Attys. Gen., Pierre, for defendant and respondent.

WINANS, Judge.

The captioned cases have been consolidated for appeal. The appeal is from the refusal of the circuit court to grant relief under a writ of habeas corpus to each of the appellants based upon his individual allegation that the plea of guilty entered in such criminal action was the result of coercion.

In September of 1969 in Brookings County, South Dakota, appellants were charged with two felony counts, burglary in the third degree and grand larceny, to which each entered a plea of not guilty. Each was furnished his own separate attorney at county expense.

After the entry of not guilty pleas, their court-appointed attorneys conferred with the State's Attorney and engaged in what is commonly referred to either as plea negotiating or plea bargaining. Each appellant had a prior felony record which made him an appropriate subject for charges under the South Dakota habitual criminal law, but an information under the habitual criminal law was not filed against either at the arraignment in September. Appellants' cases were consolidated for trial with that of one George Asimakis who was similarly charged, trial being scheduled for October 28, 1969. As a result of the negotiations each of the court-appointed attorneys was advised that if his client would plead guilty to one of the charges, the State's Attorney would dismiss the other count and would recommend to the court the imposition of a four-year sentence to the state penitentiary. However, if either of the appellants was to stand trial, he would be prosecuted on both counts and if convicted on either, the State's Attorney would file a supplemental information charging such jury-convicted appellant with being an habitual criminal. All negotiations of plea bargaining were conducted between the State's Attorney and the attorneys for the defendants. Each of the appellants was informed by his appointed counsel that if found guilty of the burglary charge, he could receive a maximum sentence of 15 years and of the larceny charge a maximum sentence of 10 years in the state penitentiary. Appellants were further advised by their court-appointed attorneys that if a trial were had and the jury returned a verdict of guilty against them, on one or both counts, the State's Attorney intended to file the habitual criminal information.

On the 28th of October 1969, the appellants appeared before the circuit judge with their attorneys and, after the denial of certain motions by them made, changed their pleas of not guilty to the commission of the offense of grand larceny to guilty. Each appellant was interrogated fully by the court before being allowed to

change the plea and each, in answer to questions of the court, stated that his plea of guilty which he desired to enter was a voluntary plea of his own free will and accord and not a coerced plea, and that it was strictly his own plea. The court upon satisfying himself as to these matters accepted the plea of guilty. Each was sentenced to four years in the state penitentiary, whereupon the state moved to dismiss the charge of burglary in the third degree, which motion was granted by the court. The supplemental information concerning the habitual criminal charge was not filed.

It is the claim of the appellants that under the situation set forth the state used the habitual criminal act as a bargaining tool and the plea of guilty was, under such circumstances, a coerced plea in violation of due process and undermines the jurisdiction of the court.

The appellants in this case do not question the competency of their court-appointed counsel, their contention being simply that they were coerced into making the plea of guilty.

After submission of briefs and oral argument held in September 1972, the appellant, Robert Keith Palmer, asked to dismiss his appeal on the grounds that he was scheduled to be released from the South Dakota penitentiary and did not desire to pursue the matter further. However, since the problem presented would still remain relevant in the other case, we have not acted on Palmer's motion and under the circumstances this opinion is applicable to both.

There is no question as to the appellants being informed of their constitutional rights. The record shows they were, and also shows they were prepared for trial on the 28th day of October 1969, that there was a jury panel available for the selection of the jury and that on the date of trial, certain motions made by the petitioners were heard and denied by the court and after the denial of these particular motions the guilty plea was entered.

In Application of Dutro, 83 S.D. 168, 156 N.W.2d 771, 773, we said:

"The record before us reveals nothing from which we can infer that appellant was denied his constitutional rights. He freely and voluntarily in the presence of competent counsel admitted his guilt. This he was privileged to do. State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441. There is no showing whatsoever that the plea of guilty was induced by fear, misrepresentation, trickery, deception, duress or coercion. If it was established that a plea was so induced, it would be void as a violation of due process and would undermine the jurisdiction of the court and be open to collateral attack. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L. Ed. 1302; Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579, reversing 246 F.2d 571, 5 Cir., 21 Am. Jur.2d Criminal Law, § 485, 22 C.J.S. Criminal Law § 423(2); State ex rel. Baker v. Jameson, supra. This is not such a case."

Since the hearing on the habeas corpus proceeding by the trial court this court has held that where the State's Attorney is aware, prior to arraignment on the main offense, of the prior criminal record of a defendant, as he was in this case, the information relative to the habitual criminal act must be filed with and at the same time as the information on the main offense. Black v. Erickson, 86 S.D. 86, 191 N.W.2d 174. In Black the trial court imposed a sentence which was increased because of prior felony convictions. In the habeas corpus proceedings Black was remanded for resentencing on the principal charge only. In our case the plea bargaining was honored and the sentence was imposed on one count, to which he had entered his plea of guilty.

In United States v. LaVallee, 1963, 2 Cir., 319 F.2d 308, Judge Kaufman writing for a divided court in the United States Court of Appeals, 2 Cir., wrote:

"We cannot say that as a matter of law the only reasonable inference which the cold transcript supports is one of involuntariness in the entering of the guilty plea. The mere explanations to the prisoner of the alternatives

before him cannot be viewed as improper coercion on the part of the judge; any coercion sensed by the prisoner may well have emanated from the realities of the situation, wholly apart from what happened in chambers. The appellant's predicament — the grave risk of the mandatory higher sentence for the recidivist convicted of first degree robbery — had on several occasions been explained to him by his attorney, and the consequences of conviction on this offense could largely have been deduced from a simple examination of the relevant sections of the penal code. We read the judge's remarks not as an enticement or threat by means of a prior commitment by the judge to the prisoner's sentence, but as merely a fair description of the consequences attendant upon the prisoner's choice of plea, a description which was manifestly essential to an informed decision on the part of the prisoner."

In Barber v. Gladden, 1964, 9 Cir., 327 F.2d 101, the appellant made the contention, "That he was coerced into pleading guilty by threats of Oregon State officials that if he did not plead guilty and was found guilty after a trial, habitual criminal charges would be filed against him thereby increasing his minimum sentence to 80 years."

The court disposed of this contention in the following language:

"At the time he entered his plea, appellant was represented by an attorney of his own choosing, who had experience in criminal law as a former member of the District Attorney's staff. This attorney testified he advised appellant not to plead guilty if he was not guilty, but that if he were guilty he should consider the habitual criminal statute in deciding upon his plea because appellant's attorney had been informed by the District Attorney that the habitual criminal charge would be filed if the case were tried. The maximum penalty for the offense with which appellant was charged was 40 years, but if the habitual criminal charge were added and proved, the

minimum penalty would be 80 years. There could have been no doubt in appellant's mind of the state's ability to prove the habitual criminal charge. These facts, together with the fact appellant knew at the time that his two co-defendants were prepared to testify against him, warrant the conclusion that his plea of guilty was induced not by coercion, but by a well considered, prudent choice of the lesser of two evils."

We think the lower court in his memorandum decision stated the facts and the law well and we quote from a part thereof:

"The Petitioners now claim the State's Attorney's statement of his intention to file a Supplemental Information was used as a 'lever, a club, so to speak, to induce a plea of guilty.' The evidence shows the offense was committed on or about the 28th of July 1969; the Complaint was filed July 30, 1969; a preliminary hearing was held on September 12, 1969; an Information dated and filed September 23, 1969; the date of arraignment does not appear, but there is no allegation by the Petitioners that it was not held or that they were not advised of their rights; trial date was set for October 28, 1969; the evidence further shows that conferences were had between the State and Petitioners' counsel in an effort to determine what evidence the State had, witnesses for the State, etcetera, and that the intention regarding the Supplemental Information was disclosed to the Petitioners' counsel some three or four weeks prior to the date of trial and change of plea. No evidence was submitted as to when the State's Attorney first became aware of the existence of facts giving rise to the Habitual Criminal charge, but the evidence submitted in this hearing would justify the charge and therefore takes this situation out of the prohibition of Brady[1] that the 'prosecutor threatened prosecution on a charge not justified by the evidence.' The Court recognizes that a declaratory statement of in-

---

1. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

tention may, when heard by a person, appear to be a threat but the Court, under the evidence, cannot so hold.

This Court * * * declines to hold that the individual guilty pleas of the Petitioners were compelled, and invalid under Article VI, Section 2, of the South Dakota Constitution, and under SDCL 23-35-19."

We do not believe that under the facts of this case, there was any coercion by anything beyond the normal pressure exerted by the knowledge had by each of the appellants and their attorneys concerning the evidence in the state's possession.

Affirmed.

All the Judges concur.