STATE, Respondent v. THUNDERSHIELD, Appellant

(242 N.W.2d 159)

(File No. 11479. Opinion filed May 6, 1976)

**Woods, Fuller, Shultz & Smith,** and **William P. Fuller,** Sioux Falls, for defendant and appellant; **Kermit Sande,** Atty. Gen., on the brief.

**R. Van Johnson,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

COLER, Justice.

█Petitioner, in this proceeding under SDCL 23-52, cited as the Uniform Post-Conviction Procedure Act, was originally charged with murder in the death of one Paul Raymond Gilchrist. Following negotiations between counsel for petitioner and the state's attorney the charge was reduced to manslaughter in the second degree to which charge petitioner entered a guilty plea. The post-conviction hearing was held by the trial court at which was received depositions, oral testimony, including that of petitioner through a duly sworn interpreter, as well as certain exhibits as authorized by SDCL 23-52-2. The trial court entered findings of fact and conclusions of law denying post-conviction relief. From these findings of fact and conclusions of law, which constitute a judgment under SDCL 23-52-14, petitioner has appealed. We affirm.

Petitioner's assignments of error are essentially that the trial court erred in failing to grant relief on the basis of petitioner's claims that: (1) certain statements given to Bureau of Indian Affairs police were used in connection with the preliminary hearing at which defendant was bound over for trial on the charge of murder; (2) petitioner did not knowingly, voluntarily or understandingly enter a plea of guilty to second degree manslaughter and (3) petitioner did not intelligently sign the extradition waiver allowing for his extradition from North Dakota to South Dakota and was thus not afforded fully his rights under the North Dakota extradition law.

As evidenced by the memorandum decision[1] the state's attorney drew findings of fact and conclusions of law purportedly complying with SDCL 23-52-14. That statute clearly obligates the trial court to deal with each issue presented by petitioner:

---

1. The trial court's memorandum decision directing the preparation of the findings of fact and conclusions of law is set forth as follows:
 *"MEMORANDUM DECISION*
 "Gentlemen:
 "This relates to the Petition and Amended Petition for post-conviction relief of Bedie Thundershield.
 "The Court has reviewed the record and concludes that the credibility of the Petitioner has been persuasively impeached as set forth in the briefs of the States Attorney. The Petition is accordingly denied.
 "The States Attorney may prepare and submit Findings of Fact and Conclusions of Law pursuant to 23-52-14 S.D.C.L."

23-52-14. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each federal, state or other issue presented. This order is a final judgment for purposes of review.

This statute, essentially taken from the language of the Uniform Post-Conviction Procedure Act, § 7, ABA Standards Relating to Post-Conviction Remedies, § 7, appears not to have been complied with but petitioner has not challenged the sufficiency of the findings of fact or the conclusions of law.[2] It would appear from the findings of fact and conclusions of law entered that the trial court applied the test of sufficiency of the evidence necessary to establish the right to relief as established by this court in State v. Roth, 1969, 84 S.D. 44, 166 N.W.2d 564, to-wit: "The burden of establishing a basis for relief rests on the petitioner."

■ The scope of this court's review is likewise set forth in State v. Roth, supra, "that this court may disturb a trial court's findings of fact only if the evidence preponderates against them." 84 S.D. at 47, 166 N.W.2d at 565.

Due to the paucity of the findings of fact and conclusions of law we have reviewed the entire record, much of which is

---

2. The findings of fact and conclusions of law entered pursuant to the memorandum decision read as follows:
*"FINDINGS OF FACT*
"I.
"That the Defendant-Petitioner, Bedie Thundershield, a/k/a Bede Thundershield, was convicted on the 2nd day of November, 1971, in the Circuit Court in and for the County of Edmunds, State of South Dakota, charging and convicting the Petitioner with the charge of second degree manslaughter.
"II.
"That the testimony for and on behalf of the Petitioner herein, Bedie Thundershield, failed to establish the allegations in his Petition.
*"CONCLUSIONS OF LAW*
"I.
"This court has jurisdiction of the parties and the subject matter of the action.
"II.
Petition for Post-Conviction Appeal and the relief demanded therein is without a foundation by and for the reason that the creditability of the Petitioner had been impeached. The order and judgment of this court should be entered denying the Petition for Post-Conviction Relief."

duplicated in the settled record, and find that the evidence does not preponderate against the minimal findings of fact entered by the trial court.

Petitioner, while in custody in Ft. Yates, North Dakota, on violation of tribal law, was interviewed by two investigators for the Bureau of Indian Affairs relating to his involvement in the death of Gilchrist. It developed, during the course of the preliminary hearing, that there was some question of whether, during the course of the interrogation and after petitioner had been given his Miranda rights, petitioner may have requested an attorney. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The testimony of the two officers involved was in conflict in that regard and by virtue of the ultimate plea of guilty no suppression hearing was held or order entered relative to the admissibility of the statements made. The petitioner, in oral argument and in both his original and reply briefs sheds little light upon what, if any, effect the threatened evidence may have had on the voluntariness of the plea of guilty entered by petitioner to the lesser offense.

As stated by this court in State ex rel. Condon v. Erickson, 1970, 85 S.D. 302, 182 N.W.2d 304:

"It is well settled that judgment on a plea of guilty which is entered voluntarily is not rendered invalid because for some reason the defendant had previously made a confession under circumstances which might have rendered it inadmissible, if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandably made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all nonjurisdictional defects in the prior proceedings against him. The judgment and sentence which follow the plea of guilty are based solely upon the plea and not upon any evidence which might have been acquired improperly by the prosecutor. Thus, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis of a collateral attack upon a judgment of

conviction entered upon a plea of guilty which was voluntarily and understandably made." (citations omitted) 85 S.D. at 307, 182 N.W.2d at 306, 307.

 Even if we were to assume that the statements amounted to a confession of guilt and further assume that they would be inadmissible as evidence upon a trial for the reasons urged by petitioner, since he pleaded guilty "they are relevant in the present proceeding only to the extent that they may have affected the voluntary character of his plea." State ex rel. Condon v. Erickson, supra, at 307. We are unable to supply the logic which would support petitioner's claim that the questioned admissions are the sole basis for the guilty plea. Petitioner has not established that his admissions were the sole evidence linking him with the crime and on the record before us we cannot engage in such a presumption. That conclusion would be inconsistent with the fact of petitioner's being sought for questioning in the first instance. Petitioner in this case entered a plea to manslaughter in the second degree in order to avoid prosecution on the murder charge. The state's attorney agreed to forego prosecution upon a plea to the lesser offense without going into recommendations as to the sentence to be imposed. The fact that petitioner accepted the bargain does not spell coercion. Weston & Palmer v. Erickson, 1972, 86 S.D. 777, 201 N.W.2d 861. We find petitioner's first contention to be without merit.

The salient point of petitioner's claim that his guilty plea was not knowingly or understandingly entered is that he lacked sufficient education and comprehension of the English language to have fully understood his rights, thereby tending to negate knowledgeable waiver of his constitutional rights by the entry of a plea of guilty. For the purposes of establishing his claimed lack of understanding, a deposition of petitioner was taken with the aid of an interpreter. Throughout the course of that deposition, attempt was made to show his claimed deficiency. Contrary to that deposition, which evidence this court is as well qualified to weigh as was the trial court, Geo. A. Clark & Son, Inc. v. Nold, 1971, 85 S.D. 468, 185 N.W.2d 677, there was other evidence before the trial court which the trial court obviously determined to be more credible. From the testimony of one of the attorneys

who had represented petitioner at the time of the entry of his plea of guilty, as well as certain correspondence, some of which was addressed to the trial court prior to sentencing, which the trial court obviously believed to be in the handwriting of petitioner, we cannot say that the trial court was in error in disbelieving the deposition. The deposition, when countered against the testimony and demeanor of petitioner in the presence of the trial judge, is such that we must agree with the trial court, which gave no credibility to his depositional testimony, that petitioner has not met his burden of proof in his asserting the conviction to have been obtained by violation of some provision of the Constitution of the United States or the Constitution or laws of this state. State v. Roth, supra; Fanning v. State, 1970, 85 S.D. 246, 180 N.W.2d 853. We would necessarily affirm a finding which would support a conclusion of law, had they been made, that the plea of petitioner was made with knowledge and understanding and was voluntary. We are not unmindful that petitioner was no stranger to criminal proceedings. State v. Thundershield, 1968, 83 S.D. 414, 160 N.W.2d 408.

The record discloses that throughout the proceeding, including (1) the arraignment of petitioner on the charge of murder to which he pled not guilty; (2) the subsequent arraignment on the lesser offense of manslaughter in the second degree to which petitioner first entered an oral plea of guilty, recanted, and (3) finally entered his plea, the trial court scrupulously informed petitioner of his constitutional rights both in the language of the law and in layman's language. Subsequent to the entry of a plea of guilty to the lesser offense, petitioner by letter to the court indicated a change of mind and heart and the trial court gave him the opportunity to withdraw his plea. Thereafter petitioner signed a letter which was prepared by his trial counsel and without objection presented to the court. Doubtless the most compelling evidence of the ability of petitioner to understand both the English language and his rights is evidenced by that writing set forth as follows:

"Gentlemen:

"After I talked with Mr. Brown yesterday, I

have made a decision not to withdraw my plea of guilty to the charge of Second Degree Manslaughter. I have given this matter serious thought and understand that I am free to withdraw my plea of guilty and have a full jury trial. I understand that I have pleaded guilty to the charge of Second Degree Manslaughter and that the maximum sentence which could be imposed is ten years in the State Penitentiary. ~~I understand that by pleading guilty to the charge, I am admitting that I killed Paul Raymond Gilchrist.~~ I am satisfied with Mr. Brown and Mr. Thurow as my attorneys. No promises or threats have been made to get me to plead guilty to the charge of Second Degree Manslaughter. I understand that I could now withdraw my plea of guilty, and then plead not guilty and would receive a jury trial, but I choose not to after having considered the matter fully.

"Mr. Brown re-explained all of my constitutional rights in great detail and in words I could understand, and I believe that I fully understand those rights.

"I consent to having this letter filed with the Court.

s/Bedie Thundershield

Bedie Thundershield"

The interlineated words, according to the testimony of one of petitioner's co-counsel, were stricken at the request of petitioner who read the instrument and objected to that statement and initialed the interlineation.

■ The record does not preponderate against a finding, had one been made, by the trial court that petitioner fully understood his rights and understandably entered his plea of guilty to manslaughter in the second degree. We find no error in the trial court refusing to believe contrary testimony of petitioner

through his interpreter. Indeed, when the letter was read in open court and petitioner was asked by one of his counsel "And now Mr. Thundershield I would like to ask you if that is your signature and if you still agree with everything it says on it?", petitioner personally answered "Yes." As this court has consistently held and which holding we find controlling here

> "the effect of a plea of guilty was more than a confession the accused did the acts complained of, it was, in itself, a conviction and nothing remained but to give judgment and determine punishment. Consonant therewith and with Nachtigall v. Erickson, 85 S.D. 122, 178 N.W.2d 198, and State ex rel. Condon v. Erickson, 85 S.D. 302, 182 N.W.2d 304, the court properly denied the relief sought." Runge v. State, 1971, 86 S.D. 9, 190 N.W.2d 381.

██ We have reviewed petitioner's final claim of error relating to the knowledgeable waiver of extradition from North Dakota to this state. Petitioner does not claim that the waiver which he executed in the presence of the two investigators of the Bureau of Indian Affairs on July 20, 1971, is of constitutional dimension but rather claims that it violates the provisions of N.D.C.C. 29-30. Unlike SDCL 23-24-24 which provides a waiver of extradition in South Dakota only upon the waiver being executed in the presence of a judge of a court of record, the North Dakota statutes appear to be silent on that subject. No North Dakota case has been brought to our attention involving waiver of extradition from North Dakota where no formal request for extradition has been filed pursuant to their statutes nor need we be concerned with whether state law applied since petitioner was in custody of tribal officers in North Dakota. We are mindful that there has been considerable criticism in the rule announced in Ker v. Illinois, 1886, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421, see United States v. Toscanino, 1974, 2 Cir., 500 F.2d 267, however, there is no showing of either kidnapping or treaty violation alleged in the case at bar. Although petitioner in this case was brought into the state under dubious circumstances, the law is clear that however jurisdiction is obtained once it is obtained and a conviction results "There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape

justice because he was brought to trial against his will." Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

The judgment is affirmed.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.