**42**

**STATE of Utah, Plaintiff and Respondent,**

v.

**Leslie Clark ANDERSON, Defendant and Appellant.**

**No. 16473.**

Supreme Court of Utah.

Sept. 22, 1980.

John T. Caine, Public Defenders Association, Ogden, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Olga Agnello–Raspa, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This is an appeal by Defendant Leslie Clark Anderson from his conviction in the District Court for Weber County for theft of an automobile.

Defendant was arrested in California on the Utah charge and was detained there pending extradition to stand trial in Utah. He resisted extradition in California by filing a petition for writ of habeas corpus in the Santa Barbara Superior Court. Prior to proceedings on that petition he was returned to Utah by Utah police officers pursuant to a Governor's Extradition Warrant.

In attacking his conviction, defendant argues that because his petition for habeas corpus was pending in California, the Utah District Court lacked jurisdiction to try him. Thus, he contends, it was a denial of due process for the District Court to refuse to stay all proceedings pending the outcome of the habeas corpus action in California.

In *Frisbie v. Collins*[1] the Supreme Court stated:

This Court has never departed from the rule announced in *Ker v. Illinois*, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.[2] (footnote omitted)

Here the record reflects that defendant was convicted "after a fair trial in accordance with constitutional procedural safeguards." That he was brought before the Utah court in the face of a pending proceeding in California attacking his extradition does not impair his conviction.

Affirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

1. 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

2. *Id.*, at 522, 72 S.Ct. at 511.