Leonard QUIVER, Petitioner
and Appellant,

v.

STATE of South Dakota, Respondent
and Appellee.

No. 14059.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1983.

Decided Oct. 19, 1983.

Max A. Gors of Gors & Braun, Pierre, for petitioner and appellant.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal arises from appellant Leonard Quiver's (Quiver) conviction of grand theft by plea of guilty. Quiver appeals and we affirm.

On August 27, 1980, Deputy Sheriff Rice (Rice) of Cherry County, Nebraska, arrested six individuals near Cody, Nebraska. Rice observed these individuals standing near their parked car and some members of the group were pointing rifles or shotguns in the direction of corrals next to the road. After arresting these individuals, including Quiver, for criminal mischief, Rice performed an inventory search of the car. This search revealed articles which had been stolen from a home in Bennett County, South Dakota. Quiver was taken to jail in Valentine, Nebraska, where he signed a waiver of extradition form on August 27, 1980. Subsequently, he was returned to Martin, Bennett County, South Dakota. Thereafter, on October 7, 1980, Quiver was arraigned and pleaded not guilty to first-degree burglary, third-degree burglary, grand theft and criminal damage to property. On December 9, 1980, the day of the trial, after the jury was selected, Quiver made a plea bargain with the State. Quiver pleaded guilty to grand theft. On December 22, 1980, Judge Heck sentenced

Quiver to five years in the South Dakota State Penitentiary. On December 30, 1980, Quiver filed a petition for post-conviction relief. Judge Anderson entered an order denying post-conviction relief on December 28, 1982.

There are two issues before the court on this appeal. First, whether Quiver failed to understand the charge of grand theft and therefore his plea of guilty is invalid. Second, whether the extradition process here failed to provide the trial court with jurisdiction over Quiver's guilty plea.

Initially, we examine whether Quiver's guilty plea was valid. SDCL 23A–7–4 provides, in pertinent part:

Before accepting a plea of guilty ... a court must address the defendant personally in open court ... and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered ....

Quiver claims that the court was required to inform him of the elements of grand theft pursuant to *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

We agree, however, with State's contention that *McCarthy* is distinguishable from the present case. In *McCarthy,* the government "repeatedly conceded that the judge did not personally inquire whether petitioner understood the nature of the charge...." 394 U.S. at 464, 89 S.Ct. at 1170, 22 L.Ed.2d at 424. Here, the judge asked Quiver if he understood the nature of the crime and Quiver responded affirmatively. Also, in *McCarthy,* the defendant "repeatedly disavowed" the specific intent necessary to the commission of the crime. In contrast, here, Quiver admitted to his role in the theft, which was to drive the getaway car.

Further, *Clark v. State,* 294 N.W.2d 916 (S.D.1980), is dispositive of this issue. In *Clark,* this court stated that "it is not required at the time the guilty plea is made that the specific elements of the offense charged be explained to a defendant. All that is necessary is that an understanding of the nature of the charge be conveyed to a defendant." 294 N.W.2d at 919 (citations omitted). At the arraignment, the prosecuting attorney read the information aloud in the presence of Quiver. The information specifically charged that Quiver did: *

COUNT 3: Take, steal, and exercise control over property of another, namely the John Novotny family, with the intent to deprive the owners thereof, said property being a Stevens Savage Model 820B 12 Ga. shotgun, a Sears and Roebuck Ted Williams Model 200 20 ga. shotgun, Ser. # P226033, a Marlin Model 39A 22 Cal. Ser. # N2996, 1 Savage 300 Savage Model 545671 300 S/N 545671, with Redfield scope, 1 stereo; 1 Crosman 766, 17 cal. pellet gun, S/N 678007499; 1 General Electric Am/FM radio and cassette recorder, S/N 6032, one metal handle butcher knife; one wood handle butcher knife, and one metal rod punch, one socket extension; one green jewelry box containing miscellaneous jewelry; portions of a socket set; one key ring containing a key for a Honda motor cycle; one green cloth rifle case; one black plastic rifle case; digital clock; a Polaroid camera; a calculator; portable radio and a pocket knife, and several items being firearms; and all valued greater than $200.00

Judge Miller then turned to Quiver and stated:

BY THE COURT: Okay, gentlemen, you are advised the Information under which you have just been arraigned charges you with four Counts. Count I charges first degree burglary. Count II charges third degree burglary. Count III charges grand theft. And Count IV charges criminal damage to property. It is alleged that you committed it in this coun-

---

* Quiver was also charged on three other counts which were dropped in exchange for his plea of guilty to Count III. Quiver was originally charged with Burglary First Degree, contrary to SDCL 22–32–1; Burglary Third De-

gree, contrary to SDCL 22–32–8; Grand Theft, contrary to SDCL 22–30A–1 and SDCL 22–30A–17, and Criminal Damage to Property, contrary to SDCL 22–34–1.

ty on or about August 26, 1980, in the manner described in the Information.

Mr. Quiver, do you understand the nature of the charges made against you? BY DEFENDANT LEONARD QUIVER: Yes, sir.

Additionally, on December 9, 1980, the date of the trial, Quiver received another explanation of the charges. At that time, Quiver made a plea bargain with the State and Judge Heck stated:

> I believe you were before Judge Miller and you were arraigned at that time and I am sure at that time Judge Miller advised you of your constitutional and statutory rights, however, to satisfy myself, I am also going to advise you of your rights in this matter. Now, the Court has been made aware that your counsels with your permission and approval have entered into a plea bargain which is that the State's Attorney will dismiss Counts I, II and IV of the information filed against you upon your plea of guilty to Count III of the information which is a grand larceny charge and I want to advise you at this time of the possible penalty that might result upon a plea of guilty to this particular charge. Now, the maximum sentence that could be imposed upon you is ten years in the State Penitentiary and in addition the Court could impose a fine in the maximum amount of $10,000.00. Now that is the maximum penalty.

■ Through discussions with the judges below, Quiver was advised by one or the other of the charge, the plea bargain, the sentence involved, and constitutional rights. Under *Clark, supra,* "[a]ll that is necessary is that an understanding of the nature of the charge be conveyed to a defendant." 294 N.W.2d at 919. According to the record, an understanding of the charge was conveyed to Quiver. At the post-conviction proceeding, the trial court found:

> Based upon all the evidence on file in this case, it is the finding of the Court that the Defendant Leonard Quiver was adequately informed of the nature of the charge against him and that he under-

stood the nature of the charge against him.

From the record, this finding is not clearly erroneous. Thus, Quiver's plea of guilty is affirmed.

■ Quiver's second contention on this appeal is that his extradition to South Dakota was procedurally incorrect and thus the trial court lacked jurisdiction over him. Both South Dakota and Nebraska have adopted the Uniform Criminal Extradition Act. Nebraska Law § 29–738 provides, in pertinent part, that:

> No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state . . . .

This section is essentially the same as SDCL 23–24–11. The record shows that after Quiver's arrest in Nebraska he signed a form waiving extradition without first appearing "before a judge of a court of record in [Nebraska]." Nebraska Law § 29–738. The procedure in the present case did not comply with the Uniform Criminal Extradition Act.

■ The law, however, is quite clear that the manner in which a defendant is brought before the court is irrelevant. The United States Supreme Court adopted this rule in *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886), and this remains the majority rule. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *United States v. Reed,* 639 F.2d 896 (2nd Cir.1981); *People v. Cartee,* 86 Ill.App.3d 895, 42 Ill. Dec. 18, 408 N.E.2d 396 (1980); *Martin v. State,* 176 Ind.App. 503, 376 N.E.2d 498 (1978); *State v. Mick,* 229 Kan. 157, 621 P.2d 1006 (1981); *State v. McCowan,* 226 Kan. 752, 602 P.2d 1363 (1979); *State v. Anderson,* 618 P.2d 42 (Utah 1980).

■ South Dakota adopted this rule in *State v. Winckler,* 260 N.W.2d 356 (S.D. 1977) and *State v. Thundershield,* 90 S.D. 391, 242 N.W.2d 159 (1976). In fact, as this court stated in *Winckler, supra,* even "kidnapping, illegal arrest, abduction, or irregu-

lar extradition proceedings" do not deprive the court of jurisdiction. *Id.* at 363 quoting from 4 Wharton's Criminal Procedures § 1484, at 39–40 (1957); *State v. Gage,* 302 N.W.2d 793 (S.D.1981).

■ Although Quiver urges this court to overrule *Thundershield* and *Winckler,* the circumstances we have before us certainly do not necessitate deviation from this well-established rule. Accordingly, we follow the *Ker* rule as adopted in *Thundershield* and *Winckler* and affirm Quiver's conviction and sentence as imposed by the trial court.

We affirm.

All the Justices concur.