Larry P. PARROTT, Appellant,

v.

L. V. BREWER, Warden, Iowa State Penitentiary, Fort Madison, Iowa, Appellee.

No. 19761.

United States Court of Appeals, Eighth Circuit.

Feb. 17, 1970.

Larry P. Parrott, pro se.

Richard C. Turner, Atty. Gen. of Iowa, and William A. Claerhout, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

■ Appellant Larry Parrott, a state prisoner, appeals from a denial without an evidentiary hearing of his application for habeas corpus in the United States District Court for the Southern District of Iowa. He presently is confined in the Iowa Reformatory on a conviction for assault with intent to rape in violation of Iowa Code Ann. § 698.4.

Parrott pleaded guilty to the state charge and after having received a sentence not to exceed twenty years, Parrott encountered procedural difficulties in his appeal to the Iowa Supreme Court. However, he sought post-conviction relief and filed a petition for habeas corpus in the State District Court on March 31, 1967, contending that he was denied the right to speedy trial, that his plea of guilty was involuntary, and that he did not have effective assistance of counsel. Counsel was appointed for the habeas proceeding and after a full evidentiary hearing on April 28, 1967 his petition was denied. On appeal to the Iowa Supreme Court the action of the District Court was affirmed. Parrott v. Haugh, 158 N.W.2d 766 (Ia. 1968).

Parrott then proceeded to seek review of the same issues in the United States District Court for the Southern District of Iowa. Chief Judge Roy L. Stephenson on January 22, 1969 denied the writ on the ground that the merits of the factual dispute were fully resolved in the state court hearing and that the factual determinations of the state court were fairly supported by the record as a whole. We affirm.

We have reviewed the files and records of this case, including the transcripts and records in the state trial court and the opinion of the Iowa Supreme Court. These show that the Iowa courts have given full and fair consideration to the claims presented by appellant Parrott, and these claims were found to be without merit. Our perusal of the record and files support this conclusion and we do not think anything more is required under Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

We also think the District Court proceeded properly in denying the writ without an evidentiary hearing as the merits of the factual dispute raised in the state habeas corpus proceeding were fully resolved in that proceeding and the decision reached by the state trial court and affirmed by the Iowa Supreme Court is fully and fairly supported by the files and records in the case. There was no substantial allegation of any newly discovered evidence. It thus appears in this case that the State of Iowa in its post-conviction procedure by way of habeas corpus has granted Parrott a full and fair evidentiary hearing at which the petitioner Parrott was represented by appointed counsel; detailed findings of fact and conclusions of law were filed by the trial judge, which findings of fact and conclusions of law were fully reviewed by the Iowa Supreme Court.

■ In addition to the issues raised in the state court, Parrott now raises the issue of double jeopardy and a claimed violation of a Fifth Amendment privilege against self-incrimination in his appearance before the grand jury. These contentions were not passed upon by the Iowa courts nor raised in the proceedings below. Therefore, they are not properly before us in this appeal. We have reviewed the same, however, and find they are without merit.

There clearly was no double jeopardy in the proceedings under the Iowa statutes. Klopfer v. North Carolina, 386 U. S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967)

is not applicable to the criminal procedures under the Iowa statutes. Parrott's appearance before the grand jury was proper; he had been advised of his rights, including his right to the assistance of counsel. Furthermore, the testimony taken in the grand jury proceedings was not prejudicial to Parrott as it was never used against him. Parrott was supplied with counsel in his state court proceedings. His plea of guilty, having been voluntary and understandingly made, is conclusive upon his guilt and constitutes an admission of all the facts charged in the information and waives all non-jurisdictional defects in the proceedings against him. Ford v. United States, 418 F.2d 855 (8th Cir. 1969); Adkins v. United States, 298 F.2d 842–844 (8th Cir.1962), cert. denied, 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819 (1962); Hall v. United States, 259 F.2d 430 (8th Cir.1958), cert. denied, 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680 (1959).

The appeal is dismissed.