Oma D. CLAUNCH, Jr., Petitioner-Appellant,

v.

Ray H. PAGE, Warden of the Oklahoma State Penitentiary, Respondent-Appellee.

No. 53-70.

United States Court of Appeals,
Tenth Circuit.

June 15, 1970.

Rehearing Denied July 22, 1970.

Verne D. J. Philips, Austin, Tex. (Teddy L. Henderson, Austin, Tex., with him on the brief) for petitioner-appellant.

H. L. McConnell, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen. of Oklahoma, with him on the brief), for respondent-appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this state prisoner habeas corpus case, petitioner-appellant seeks relief from a 1945 Oklahoma sentence of life imprisonment for the crime of murder. The federal district court held an evidentiary hearing and denied relief.

The offense was committed on August 21, 1945, and the petitioner, 14 years old at the time, was arrested subsequently in Texas. He was returned to Oklahoma and after he had been in jail a few days his mother came to see him with a retained lawyer. On August 30, a murder charge was filed against appellant and others. On September 12, the judge of the county court, sitting as an examining magistrate, convened a preliminary hearing. Upon discovering that petitioner and a co-defendant named England were under the age of 16 years, the court remanded them to the juvenile court. On the same day, a petition to have appellant and his co-defendant declared delinquent children was filed and heard in the juvenile court. The two minors, their mothers, and their lawyers

were present. On consideration of the evidence presented, the juvenile court found that the crime of murder had been committed, that each defendant had "sufficient intelligence, experience and mental capacity to know the criminal wrongfulness of his act," and that the "defendants and each of them are probably guilty thereof." The juvenile court then certified the case against each to the county court sitting as an examining magistrate. Evidence was again introduced. The magistrate made appropriate findings of the commission of the crime and the probable guilt of the defendants and held them to answer the charge in the district court. In all of these proceedings the appellant and his co-defendant were represented by separate counsel, entered pleas of not guilty, and made no statements against interest. The county judge, acting in the different capacities of juvenile judge and examining magistrate, conducted all of the mentioned proceedings.

An information charging the crime of murder was duly filed in the district court, and on October 30, 1945, appellant appeared with the same retained lawyer who had represented him in the preliminary matters, entered a plea of guilty, and was sentenced to life imprisonment.

■ The proceedings in the juvenile court are attacked on various grounds, all of which were painstakingly considered and rejected by the federal habeas court after an evidentiary hearing. The findings of the habeas court on notice, sufficiency of the record, and confrontation of witnesses are sustained by the record. The fact that the first information was filed before the certification by the juvenile court is of no importance. As soon as the magistrate discovered that appellant was a juvenile he promptly and properly refused to proceed further. The information to which the appellant pleaded guilty was filed in the district court after certification and after the appellant was bound over by the magistrate.

■ Although the juvenile court found that appellant was a minor, that he was competent, that a crime had been committed and that appellant had probably committed it, it made no express declaration that he was a delinquent. Appellant contends that this failure entitles him to relief because an adjudication of delinquency was essential to the juvenile court's power to certify him for prosecution as an adult. See Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367, 381, a 1947 case clarifying the previously unclear Oklahoma law on this point. Even assuming that Lewis would be retroactively applied, a question the Oklahoma courts have not answered, we agree with the habeas court that the juvenile court's specific findings were tantamount to, and satisfied any requirements of, an adjudication of appellant's delinquency.

■ Appellant insists that the juvenile proceedings were constitutionally defective because the court used the impermissible standard of probable cause rather than the correct standard of proof beyond a reasonable doubt. To sustain his position, he relies on In re Whittington, 391 U.S. 341, 88 S.Ct. 1507, 20 L.Ed.2d 625, and In Matter of Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, which are among the progeny of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. In our opinion, neither of these cases is controlling. Whittington was a case where a juvenile was adjudged a delinquent on the basis of probable cause and was bound over for trial as an adult. The appeal, which raised the standard of proof and other issues, was from the delinquency adjudication, and the Court remanded for consideration in the light of Gault. In the case at bar, no appeal was taken from the juvenile court order; this habeas proceeding seeks relief from the sentence imposed by the district court. In Winship a juvenile had been sentenced, as permitted by the New York Family Court Act, after being found, by a preponderance of the evidence, to have committed a crime. Expanding Gault, the Court

said that the requirement of proof beyond a reasonable doubt applied to juvenile delinquency proceedings which could result in commitment to a state institution. Here the sentence under attack was not imposed by the juvenile court. It is true that at the conclusion of the juvenile proceedings the court, upon finding that appellant was a delinquent, had the option of committing him to a state institution or certifying the case for prosecution as if the delinquent were an adult. See Ex parte Lewis, supra. Had the court committed appellant, we would be faced with the question of Winship's retroactivity. But appellant was simply certified to the county court, which, after finding probable cause, bound him over to the district court, where he relieved the state of its duty to prove him guilty beyond a reasonable doubt by pleading guilty. In view of the standards of proof at the subsequent criminal proceedings, we think it would be anomalous to require proof beyond a reasonable doubt at the juvenile proceedings, which, in this case at least, were the equivalent of the probable cause hearing for an adult. Because of our holding, we need not consider the retroactive effect of any of the cited Supreme Court decisions.

We believe that there were no defects in the juvenile proceedings but, if there were any, they were effectively waived. At all stages, before the juvenile court, the examining magistrate, and the sentencing court, the appellant was represented by retained counsel whose competence and ability are not questioned. No claim is made that the guilty plea was not entered voluntarily and understandingly. Appellant's participation in the crime is detailed by his own testimony in the trial of co-defendant Doser and reported in Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451, 459.

We have twice held that a juvenile who was not represented by counsel in the certification proceedings and thereafter pleaded guilty waived "prior procedural defects and constitutional infirmities." Salazar v. Rodriguez, 10 Cir., 371 F.2d 726, 729, and Acuna v. Baker, 10 Cir., 418 F.2d 639, 640. In the instant case the appellant was represented by competent retained counsel at all times. His voluntary plea of guilty waived all right to question whatever defects there might have been in the antecedent procedures.

Affirmed.