**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Jeffrey Glenn CULTON, Defendant and Appellant.**

**No. 12351.**

Supreme Court of South Dakota.

Submitted on Briefs.

Decided Jan. 5, 1979.

with intent to commit a felony-rape; and Count 2, rape. He was advised of his constitutional and statutory rights in juvenile court on March 24, 1977. The state filed a motion to transfer appellant to the adult side of the court. Counsel for appellant, who appeared at the initial hearing in juvenile court, withdrew on March 28, 1977, and the court appointed present counsel from the Public Defender's Office. Thereafter, various motions for production; discovery and inspection; physical and psychiatric evaluation; and lineup were granted by the court. Appellant was represented by counsel throughout the proceedings.

A transfer hearing was held on May 11, 12, and 13, 1977, at which time the state called nine witnesses and appellant called two witnesses. Findings of fact and conclusions of law and the certification of transfer to the adult criminal court were thereafter entered. On arraignment in adult court, appellant demurred to the information, which demurrer was overruled by the court. On September 14, 1977, appellant withdrew his plea of not guilty and entered a plea of guilty. The court determined that the plea was knowingly and voluntarily made and that a factual basis existed for the plea. A presentence investigation was waived but appellant requested a mitigation hearing, which was granted. On October 3, 1977, appellant was sentenced.

Appellant alleges that the trial court's decision to transfer was against the best interest of appellant and was not based upon substantial evidence. In support of this allegation, appellant states that the trial court erred in preeminently emphasizing the nature of the offense and the fact that it could not retain jurisdiction of appellant until age twenty one. Appellant further claims that the trial court did not give adequate consideration to the testimony of Dr. Burnap concerning the level of appellant's maturity, home life, school activities, emotional attitude, pattern of living, and proper treatment needed for rehabilitation.

*People in Interest of L. V. A.*, S.D., 248 N.W.2d 864 (1976) and *People in Interest of D.M.L.*, S.D., 254 N.W.2d 457 (1977) set

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Mary Jane Cleary, Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

CHRISTENSEN, Circuit Judge.

This is an appeal from a judgment of the Seventh Judicial Circuit Court "filed . . on the 4th day of October, 1977, and from the whole of the record in said action." We affirm.

Appellant, Jeffrey Glenn Culton, a minor, was charged on March 23, 1977, in a petition alleging two counts: Count 1, assault

forth the two basic areas of consideration in transferring a juvenile to adult court: the circumstances of the crime and the amenability of the juvenile to treatment. No claim is raised by appellant that he was not afforded substantive or procedural due process. SDCL 26–11–4 was amended by the legislature in 1977 to include specifically enumerated factors which the court should consider in a transfer hearing. These specifications became law after the transfer hearing in question here; therefore, the considerations to be followed are those set forth in *L. V. A.*, supra.

Appellant argues that the trial court placed too much emphasis on the seriousness of the offense charged. The court, in *L. V. A.*, supra, stated that "[a]lthough the seriousness of the offense alone does not warrant transfer, when considered with the other criteria, it may become the deciding factor in making a transfer." 248 N.W.2d at 869. It does appear from the record that the juvenile court did consider the seriousness of the alleged offense in deciding to transfer. The record, however, does not suggest that this was the only factor which the court considered. The court considered also the premeditation, plan or scheme by which the offense was committed; the manner in which the offense was committed; and the subject of the alleged offense.

The finding that appellant is not amenable to the rehabilitative treatment available within the juvenile system is supported by substantial evidence. Appellant's previous history indicates that the attempts at rehabilitation have done little, if anything, toward the rehabilitation of appellant. Appellant's record contains numerous convictions, including some very serious crimes.

At the time of the alleged offense, appellant was nearly seventeen years of age. The trial court stated in its findings that the jurisdiction of the juvenile court would terminate "before 21." Immediately following this statement, however, the court stated that there was potential that this appellant would require detention "beyond the age of 21." Appellant contends that by this statement, the juvenile court based its findings on the erroneous assumption that the court would retain jurisdiction over ap-

pellant for only one more year, that is, until he reached the age of eighteen. Keeping the entire statement in mind, however, it is clear that the trial court knew that it could retain jurisdiction over appellant for purposes of detention until he reached the age of twenty one but was of the opinion that there was a possibility that more than four years within the juvenile system would be required. Furthermore, appellant's record in the juvenile rehabilitation system indicated that the services available there had been a dismal failure. The record further indicates that the facilities available in the juvenile system would not provide sufficient security for the continuing protection of the public.

▮ The decision of the trial court to transfer is amply supported by substantial evidence, but we do not affirm solely upon this basis.

▮ This court has adopted the general rule that a guilty plea, if voluntarily and understandably made, is conclusive as to a defendant's guilt, admitting all the facts charged and waiving all nonjurisdictional defects in the prior proceedings against him. *State ex rel. Condon v. Erickson*, 85 S.D. 302, 307, 182 N.W.2d 304, 306–7 (1970); *State v. Jordan*, S.D., 261 N.W.2d 126 (1978); *Parrott v. Brewer*, 421 F.2d 1386 (C.A. 8 Cir., 1970). The United States Supreme Court has set forth a standard to determine whether a guilty plea has barred or waived the right to claim a certain defect in prior proceedings. Whenever it is found that the result of the right asserted would prevent the trial from taking place because of constitutional infirmities, a guilty plea would not waive that right. *Menna v. New York*, 423 U.S. 61, 63, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975). *See* footnote 2, at 423 U.S. at 62, 96 S.Ct. 242, 46 L.Ed.2d at 197.

▮ It is to be noted that the general rule as set forth above waives all nonjurisdictional defects in the prior proceedings against appellant. The rule therefore requires an examination of the claim that the circuit court was without jurisdiction of the offense charged.

▮ Various statutes within our code have been amended since the revision of our

juvenile law in 1968. Section 10, Chapter 130 of the Session Laws of 1973, abolished, among other courts, the county district court, which previously had jurisdiction over juvenile matters. Section 2 of Chapter 130 vested this jurisdiction in the circuit court. SDCL 26–7–1 states in part that the circuit court shall have original jurisdiction in all proceedings coming within the terms of that chapter, which covers juveniles, and chapter 26–8. Accordingly, the claim that the court was without jurisdiction is rejected.

The case before the court is nearly on all "fours" in its fact situation with the facts set forth in *Claunch v. Page*, 427 F.2d 841 (C.A. 10 Cir., 1970), where the court stated:

> We believe that there were no defects in the juvenile proceedings but, if there were any, they were effectively waived. At all stages, . . . the appellant was represented by . . . counsel whose competence and ability are not questioned. No claim is made that the guilty plea was not entered voluntarily and understandingly. . . . His voluntary plea of guilty waived all right to question whatever defects there might have been in the antecedent procedures. 427 F.2d at 843.

 We agree with the position taken by the Court of Appeals for the Tenth Circuit in the *Page* case, and we hold that appellant's guilty plea effectively waived any defects in the transfer proceedings. Accordingly, the judgment appealed from is affirmed.

WOLLMAN, C. J., and DUNN, J., concur.

PORTER and MORGAN, JJ., concur specially.

CHRISTENSEN, Circuit Judge, sitting for ZASTROW, J., disqualified.

MORGAN, Justice (concurring specially).

I concur specially because I do not agree with the majority reasoning that transfer is not a jurisdictional question. While our unified system now vests juvenile jurisdiction in the circuit court, it is still entirely different than that same court's general criminal jurisdiction. I agree with the re-

sult for the same reason that the majority does, that there was an adequate grounds for transfer, therefore, I consider the discussion of jurisdiction to be dicta just as it was in the Tenth Circuit case of *Claunch v. Page*, 427 F.2d 841, cited in the majority opinion.

I am authorized to state that Justice PORTER joins in this special concurrence.