**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Byron RED KETTLE, Defendant and Appellant.**

Nos. 16570, 16571.

Supreme Court of South Dakota.

Argued Oct. 18, 1989.

Decided March 7, 1990.

Bruce Ellison, Rapid City, for defendant and appellant.

Diane Best, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

SABERS, Justice.

Byron Red Kettle claims that the trial court erred 1) in setting his state sentences to run consecutively to federal sentences for the same offenses, and 2) in refusing to appoint a psychiatric expert to assist in his defense.

*Facts*

After robbing the Conomart Store at Box Elder, South Dakota, on September 30, 1987, Red Kettle kidnapped the clerk of the store. Red Kettle fled to Nebraska, where the clerk eventually escaped and Red Kettle was captured. While Red Kettle was being held in the Pennington County jail under federal kidnapping charges, he attacked a correction officer in an attempt to escape.

Red Kettle pled guilty in federal court to charges of kidnapping the store clerk in violation of 18 U.S.C. § 1201(a)(1) (1988)[1]

---

1. § 1201. **Kidnapping**

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away

and assaulting a federal officer in violation of 18 U.S.C.A. § 111 (West 1969) (amended 1988).[2] He received a sentence of "natural life" for the kidnapping and a sentence of seven and one-half years in prison for the assault; the latter to run consecutively to the former.

Red Kettle was subsequently prosecuted in state court for the same kidnapping and assault. The kidnapping charge was under SDCL 22–19–1(2)[3] and the assault charge was under SDCL 22–18–1.1(3).[4] He moved for appointment of a psychiatric expert to assist in the preparation of his defense. The trial court denied the motion, prompting Red Kettle to plead guilty to the kidnapping and assault charges. The trial court sentenced Red Kettle to life in prison for the kidnapping and to thirty years in prison for the assault. Both sentences are to run consecutively to their corresponding federal sentence. Red Kettle appeals, claiming the trial court exceeded its authority in making the sentences run consecutively to the federal sentences.[5] We agree.

### 1. *Sentencing*

■ A state and federal court may each sentence a defendant for the commission of a single act constituting an offense under both state and federal law. *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Those sentences may run consecutively when the state and federal offenses are different. *See United States v. Shillingford*, 586 F.2d 372 (5th Cir.1978); *cf. State v. Swallow*, 405 N.W.2d 29 (S.D.1987) (Sentence for South Dakota murder conviction allowed to run consecutively to sentence for separate murder conviction in Texas).

When a state and federal offense are the same, however, a trial court may not impose consecutive sentences. A court may not exceed statutory boundaries when imposing a sentence. *State v. Huftile*, 367 N.W.2d 193 (S.D.1985). "Courts can only impose those sentences authorized by the legislature." *Williams v. State*, 692 P.2d 233, 235 (Wyo.1984). The South Dakota Legislature has authorized the imposition of consecutive sentences, but only when "a defendant has been convicted of two or more offenses[.]" SDCL 22–6–6.1. Therefore, if a defendant has been convicted in state court of the same offense he was convicted of in federal court, a South Dakota court has no statutory authority to impose consecutive sentences.

■ To determine whether a defendant has been convicted of the same offense or different offenses, this court has adopted the "same evidence" test:

---

and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
    (1) the person is willfully transported in interstate or foreign commerce;

shall be punished by imprisonment for any term of years or for life.

2. § 111. **Assaulting, resisting, or impeding certain officers or employees**
Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties shall be fined not more than $5,000 or imprisoned not more than three years, or both.
Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

3. SDCL 22–19–1:
Any person who shall seize, confine, inveigle, decoy, abduct or carry away any person and hold or detain such person, except in the case

of an unmarried minor by a parent thereof, for any of the following reasons:

    (2) To facilitate the commission of any felony or flight thereafter;

is guilty of kidnapping. . . .

4. SDCL 22–18–1.1:
Any person who:

    (3) Attempts to cause or knowingly causes any bodily injury to a law enforcement officer or other public officer engaged in the performance of his duties;

is guilty of aggravated assault.

5. Red Kettle's brief specifically states that he "has not claimed that he could not be *prosecuted* by South Dakota after his conviction[s] and sentencing in Federal Court for the same offense[s]." (Emphasis in original).

[T]he ... test requires this court to look to the "substance" of the offenses and to determine whether the "essential elements" are to be proved by the same evidence. In determining whether the elements are substantially the same, the court should take into consideration the respective purposes of the statutes as they relate to the particular course of conduct of the defendant.

*State v. West,* 260 N.W.2d 215, 221 (S.D. 1977). In other words, the offenses are the same when, considering the purposes of the statute, the elements to be proved are substantially the same.

■ The federal and state kidnapping offenses are substantially the same. The state offense requires proof that the defendant 1) seized, confined, inveigled, decoyed, abducted, or carried away a person and 2) held that person for the purpose of facilitating the commission of a felony or flight thereafter. The elements of the federal kidnapping offense are that the defendant 1) unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away a person and 2) held the person for ransom or reward or otherwise. The state element requiring proof of a purpose to facilitate a felony fits within the "or otherwise," language of the federal statute which was added to the statute to cover kidnapping, "not only for reward, but *for any other reason.*" *United States v. Satterfield,* 743 F.2d 827, 850 (11th Cir.1984) (emphasis added) (quoting *Gooch v. United States,* 297 U.S. 124, 128, 56 S.Ct. 395, 397, 80 L.Ed. 522, 525 (1936)), *cert. denied* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985). Consequently, evidence that Red Kettle abducted the clerk to prevent her from identifying him as the robber proves both offenses. Furthermore, the respective purposes of the state and federal statutes, "as they relate to the particular course of conduct of the defendant," are substantially the same—to prevent and punish kidnapping.

In determining whether the offenses are the same, the element of the federal offense requiring that the kidnapped person be transported in interstate or foreign commerce is ignored. In *West, supra* at 222, we concluded that the jurisdictional requirement in the federal statute that the property obtained by fraud be transported in interstate or foreign commerce was not an essential element of the offense. We reach the same conclusion in this case.

The state and federal assault charges also constitute the same offense. The state offense requires proof that the defendant 1) attempted to cause or caused bodily injury, 2) to a law enforcement officer, 3) engaged in the performance of his duties. The federal offense requires proof that the defendant 1) forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with 2) a federal officer, 3) engaged in the performance of his official duties. In other words, each offense requires the same proof—that Red Kettle attacked the correction officer while the officer was on duty.[6] In addition, the purpose of each statute as it relates to Red Kettle's conduct is substantially the same—to protect law enforcement officers in the performance of their job.

This decision does not diminish the sovereignty of the state or federal government. Each government retains its sovereignty by retaining its authority to independently prosecute and punish crimes. Neither sovereign is inhibited by the actions of the other. If South Dakota determines an assault on a law enforcement officer should be punished by a thirty-year prison sentence, then that sentence will have to be served regardless of the length of the federal sentence, or later changes therein. It should make little difference to the state whether its sentence is served in a federal or state penitentiary, as long as the state can control or insist that the full sentence is served.

Red Kettle's state sentences must be concurrent, rather than consecutive, to the respective federal sentences. Therefore, we reverse and remand to the trial court to

---

6. The assault on the state correction officer was considered to be an assault on a federal officer because Red Kettle was a federal prisoner at the time.

resentence Red Kettle consistent with this opinion.

## 2. *Appointment of a Psychiatric Expert*

■ Red Kettle also claims the trial court erred in refusing to appoint a psychiatric expert to assist in the preparation of his defense. We do not reach the merits of this claim, however, because we have consistently held "that a plea of guilty, if voluntarily and understandably made, waives all nonjurisdictional defects in the prior proceedings." *State v. Grosh*, 387 N.W.2d 503, 507 (S.D.1986); *accord State v. Janssen*, 371 N.W.2d 353 (S.D.1985); *State v. Culton*, 273 N.W.2d 200 (S.D. 1979); *State v. Losieau*, 266 N.W.2d 259 (S.D.1978); *State v. Jordan*, 261 N.W.2d 126 (S.D.1978); *State ex rel. Condon v. Erickson*, 85 S.D. 302, 182 N.W.2d 304 (1970). Non-jurisdictional defects are defects that would not prevent a trial from taking place regardless of the trial court's ruling. *Grosh, supra* at 507. In this case, a trial would not have been prevented regardless of the trial court's ruling on Red Kettle's motion for appointment of a psychiatric expert. Therefore, since Red Kettle has not claimed his guilty plea was involuntary or not understood, the alleged error, as a non-jurisdictional defect, was waived when he pled guilty.

MORGAN and MILLER, JJ., concur.

WUEST, C.J., and HENDERSON, J., dissent.

HENDERSON, Justice (dissenting).

I respectfully dissent. The United States Supreme Court has given authority to the states to prosecute and punish persons who commit crimes which constitute an offense under both state and federal law. In *Bart-*

*kus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Court stated:

A state and federal court may each sentence a defendant for the commission of a single act constituting an offense under both state and federal law.

Accord: *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). In *State v. Poland*, 132 Ariz. 269, 645 P.2d 784, 791 (1982), the Supreme Court of Arizona interpreted *Bartkus* by expressing:

*Bartkus* stands for the rule that, as far as the United States Constitution reaches, a defendant may, based upon the same facts, be guilty of crimes against two sovereigns at the same time and be punished for each crime separately and without regard to the other.

Therefore, we look to state law, and in particular, the statutes passed by the legislature as authority for the issue presented. *State v. West*, 260 N.W.2d 215 (S.D.1977) is the only case wherein this Court truly addressed this specific issue. In *West*, we set forth in no uncertain terms that a state may prosecute and punish an individual for a crime committed within the state, irrespective of whether that person has been prosecuted and punished by the federal government for the same act, unless there exists a state statute to the contrary.* Specifically, we stated:

It clearly appears that the same act or transaction may constitute a violation of both federal and state laws, and a conviction or acquittal in one jurisdiction will not prevent a subsequent prosecution in the other if the criminal act is one over which both sovereignties have jurisdic-

---

* The South Dakota Legislature had provided a stricter standard on multiple prosecutions by "dual sovereigns" in what was once codified as SDCL 22-5-8:

"Whenever it appears that the accused has already been acquitted or convicted upon any criminal prosecution under the laws of another state, government, or country *founded upon the act or omission* in respect to which he is upon trial, this is a sufficient defense." (emphasis supplied)

and SDCL 23-2-13 which stated in part:

"When an act charged as a public offense is within the jurisdiction of another territory, state, or country as well as this state, a conviction of acquittal thereof in the former is a bar to a prosecution therefor in this state. * * *"

These two statutes were repealed in 1978. Conclusion: these statutes no longer act as restrictions to the dual sovereignty concept.

tion *in the absence of a statute to the contrary.*

In *West* there were statutes which stated or indicated that a person could not be punished for the same crime by two different sovereigns. In other words, there were statutes *to the contrary.* (Former SDCL 23-2-13; SDCL 22-5-8). Since *West*, these statutes have been repealed. Therefore, it is clear that there are no statutes to the contrary now, and the general principle as set forth in *West* should be applied.

The majority conveniently avoids the above stated principle in *West.* In fact, the majority effectively overrules the principle set forth in *West.* In *West*, we essentially stated that a person could be prosecuted and punished by two sovereigns unless the statutes say otherwise. This is termed, in law, as "dual sovereignty." In *Red Kettle*, the majority holds essentially, that a person may *not* be prosecuted and punished by two sovereigns, unless the statutes say that he *can.* Thus, the reasoning in *West* is flip flopped to achieve a result which the majority desires.

Clearly, the determinative factor in the analysis of this issue is the intent of the legislature. There are no statutes declaring that a person may be punished by the state government after he has been punished by the federal government. Therefore, we cannot determine legislative intent from a statutory absence. However, we do get an indication of the legislature's intent with regard to this matter through the subsequent repeal of the statutes which specifically prohibited a person from being punished by two sovereigns. These statutes were formerly SDCL 22-5-8 and 23-2-13. Why were these statutes repealed? Obviously, it was because the legislature no longer wanted those statutes to be the law of this state. We should base our decision on this legislative action rather than on a statute (SDCL 22-6-6.1) which has nothing to do with dual sovereignty.

The majority opinion interprets SDCL 22-6-6.1 too broadly. It seems to be saying that the only way a person can be subjected to consecutive sentencing is if that person has been convicted of two or more offenses. But, a person may also be subjected to consecutive sentencing through the concept of "dual sovereignty." Our statutes no longer prohibit consecutive sentencing in this respect.

The majority addresses "dual sovereignty" by expressing, among other things, "It should make little difference to the state whether its sentence is served in a federal or state penitentiary as long as the state can control or insist that the full sentence is served." I do not agree with the majority approach because it relinquishes unnecessarily the power of the state to punish those who break the state's law. If we were to follow the majority approach, we would be surrendering state sovereignty in exchange for a more theoretical—than real gain—in individual rights. Dual sovereignty is forsaken here. I cannot accept the conceptual base of the majority opinion.

Even if one accepts the majority's rationale that SDCL 22-6-6.1 is pertinent to the resolution of this case, the result reached by the majority is still erroneous. The majority opinion applies the *West* test to determine that the two identical offenses constitute the "same offense." However, the majority failed to consider the rationale in *Heath v. Alabama*, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985) in which the United States Supreme Court declared:

> This Court has plainly and repeatedly stated that two identical offenses are not the "same offense" within the meaning of the Double Jeopardy Clause *if they are prosecuted by different sovereigns.* See, e.g., *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).

In *Red Kettle*, the offenses were prosecuted by two separate sovereigns. Therefore, as mandated by *Heath*, these two identical offenses are not to be treated as the "same offense," as the majority holds. Once it has been determined that the defendant has been convicted of two offenses not a "single act," SDCL 22-6-6.1 allows for the imposition of either consecutive or concurrent sentences:

> If a defendant has been convicted of two or more offenses regardless of when the offenses were committed or when the

judgment or sentence was entered, the judgment or sentence *may* be that the imprisonment on the subsequent conviction may run concurrently with the imprisonment on any prior conviction *or* the imprisonment for the subsequent offense may commence at the expiration of the imprisonment upon any other offense. (Emphasis supplied mine).

Accordingly, this Court should adopt the *Heath* approach.

Judge Grosshans appropriately sentenced Red Kettle. Factually, the federal and state kidnapping convictions arose as the result of Red Kettle abducting the victim in South Dakota and then transporting her to Nebraska. While being held in the Pennington County jail pending the kidnapping charges, Red Kettle attacked a law enforcement officer which resulted in both federal and state convictions for aggravated assault. This Court held that SDCL 22–6–6.1 was "specific in its face" in *State v. Swallow*, 405 N.W.2d 29, 43 (S.D.1987); we held that where two separate offenses have been committed, consecutive sentences may apply even if the two offenses were committed during the same incident. In my opinion, a trial court judge has the discretion to order that a prison sentence be commenced in this state when a prisoner has returned from federal prison. South Dakota's sentence begins to run when Red Kettle is delivered back to South Dakota. As set forth in the statute above, it may "... commence at the expiration of the imprisonment upon any other offense."

I would affirm the consecutive sentences of the trial court.

I am authorized to state WUEST, Chief Justice, joins in this dissent.