#28374-a-SLZ
**2018 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

v.

BYRON RED KETTLE,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CRAIG A. PFEIFLE
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

GRANT FLYNN
Assistant Attorney General              Attorneys for plaintiff
Pierre, South Dakota                    and appellee.


TODD A. LOVE                            Attorney for defendant
Rapid City, South Dakota                and appellant.



\* \* \* \*

CONSIDERED ON BRIEFS ON
AUGUST 27, 2018
OPINION FILED **09/19/18**

#28374

ZINTER, Justice

[¶1.]        Twenty-eight years ago, this Court reversed a defendant's sentence and remanded the case for resentencing consistent with the Court's decision. For reasons not disclosed in this record, the defendant did not get resentenced until 2017. In a pro-se motion made before the 2017 sentence-correction hearing, the defendant requested court-appointed counsel and argued for his release because the State failed to timely proceed after remand. The circuit court did not address these additional requests; instead, it proceeded to resentence the defendant as directed in this Court's 1990 decision. The defendant now appeals, asserting he had a Sixth Amendment right to counsel in the 2017 sentence-correction proceeding. We disagree and affirm.

*Facts and Procedural History*

[¶2.]        In 1988, Byron Red Kettle pleaded guilty to kidnapping and assault. He was sentenced to life in prison for the kidnapping and thirty years for the assault. The circuit court ordered the sentences to run consecutively to corresponding federal sentences Red Kettle had previously received for the same kidnapping and assault.

[¶3.]        Red Kettle appealed, claiming the sentencing court erred in ordering his state sentences to run consecutively to his federal sentences. This Court reversed and remanded the case for resentencing. *State v. Red Kettle*, 452 N.W.2d 774, 776–77 (S.D. 1990). We held that a South Dakota state court may not impose a consecutive sentence in state court when a defendant has been sentenced for the same offense in federal court. *Id.* at 775. Because "Red Kettle's state sentences

-1-

must be concurrent, rather than consecutive, to the respective federal sentences[,]" we directed the circuit court "to resentence Red Kettle consistent with this opinion." *Id.* at 776–77. Our remitter was issued on March 28, 1990.

[¶4.]     In September 2016, Red Kettle informed the Pennington County Clerk of Courts by letter that the circuit court had not resentenced him as directed in this Court's 1990 decision. He also filed a pro-se motion requesting the circuit court to order his release because the court had failed to resentence him in a timely manner. His motion included a request for court-appointed counsel.

[¶5.]     The circuit court held a resentencing hearing on July 20, 2017, and Red Kettle appeared telephonically without counsel. The court indicated it intended to resentence him consistent with this Court's 1990 decision. The court subsequently entered an amended judgment of conviction, effective January 11, 1989, ordering Red Kettle's sentences to run concurrently (rather than consecutively) to the corresponding federal sentences. The court did not address any other matters, including Red Kettle's motion to be released and request for court-appointed counsel.

[¶6.]     Red Kettle now appeals. He argues that the circuit court's failure to provide court-appointed counsel in the sentence-correction proceeding violated his Sixth Amendment right to counsel.

*Decision*

[¶7.]     The Sixth Amendment requires the appointment of counsel for an indigent defendant at every critical stage in a criminal proceeding. *United States v. Wade,* 388 U.S. 218, 226–27, 87 S. Ct. 1926, 1932, 18 L. Ed. 2d 1149 (1967); *Mempa*

*v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257, 19 L. Ed. 2d 336 (1967). What constitutes a critical stage depends upon whether the "substantial rights of a criminal accused may be affected." *Mempa*, 389 U.S. at 134, 88 S. Ct. at 257. More specifically, courts examine "whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice[,]" *Coleman v. Alabama*, 399 U.S. 1, 7, 90 S. Ct. 1999, 2002, 26 L. Ed. 2d 387 (1970) (quoting *Wade*, 388 U.S. at 227, 87 S. Ct. at 1932), and whether the proceeding is of the type "where certain rights may be sacrificed or lost[.]" *Id.* (quoting *Hamilton v. Alabama*, 368 U.S. 52, 54, 82 S. Ct. 157, 158–59, 7 L. Ed. 2d 114 (1961)). We, therefore, examine the nature of the proceeding below.

[¶8.] Certainly, Red Kettle's sentences should have been corrected earlier than twenty-seven years after this Court's 1990 decision. However, the twenty-seven-year delay did not change the limited nature of the resentencing proceeding mandated by this Court's 1990 remand. Indeed, "[w]hen the scope of remand is limited, . . . the lower tribunal is only authorized to carry out the appellate court's mandate." *State v. Bausch*, 2017 S.D. 86, ¶ 20, 905 N.W.2d 314, 319. Further, the circuit court limited the proceeding to that one action required by our remand—correct Red Kettle's sentences so they were concurrent instead of consecutive.

[¶9.] Considering the limited scope of the sentence-correction proceeding, it was not a critical stage in which Red Kettle had a Sixth Amendment right to court-appointed counsel. Simply correcting the sentences from *consecutive* to *concurrent* did not require "the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances," or presenting a case as to sentencing. *See Mempa*, 389

U.S. at 135, 88 S. Ct. at 257. Similarly, the absence of counsel created neither the potential to prejudice Red Kettle's right to have his sentence corrected nor a risk that Red Kettle would irretrievably sacrifice or lose other rights. *See White v. Maryland*, 373 U.S. 59, 60, 83 S. Ct. 1050, 1051, 10 L. Ed. 2d 193 (1963) (citing *Hamilton*, 368 U.S. at 53–54, 82 S. Ct. at 158) (explaining that a critical stage is one "where rights are preserved or lost")

[¶10.]	Red Kettle, however, argues that even if the circuit court's authority was limited on remand, he had a right to the assistance of counsel to present his additional argument for release from imprisonment because "the excessive delay in resentencing violated his Constitutional rights." But Red Kettle's requested relief is based on an allegation of a constitutional violation occurring after his conviction, and that type of relief requires a separate challenge to the legality of his current confinement. Red Kettle must pursue that type of collateral attack on the judgment of conviction using some kind of postconviction remedy such as habeas corpus.* *See* SDCL 21-27-1.

[¶11.]	We conclude Red Kettle had no Sixth Amendment right to counsel in the circuit court proceeding to correct his sentences as directed in *Red Kettle*, 452 N.W.2d at 776–77. We affirm.

[¶12.]	GILBERTSON, Chief Justice, KERN, JENSEN, and SALTER, Justices, concur.

---

*	We note that if Red Kettle has a non-frivolous habeas corpus claim, a question on which we express no opinion, the habeas court may appoint counsel under SDCL 21-27-4 if Red Kettle can satisfy all other statutory requirements. *See State v. Reed*, 2010 S.D. 105, ¶ 13, 793 N.W.2d 63, 67.